NO. 07-09-00395-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



SEPTEMBER
8, 2010

 



 

NORMAN CECIL DONOVAN, APPELLANT

 

v.

 

DANIEL R. BECK, ET AL, APPELLEES 



 



 

 FROM THE 237TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2009-548,685; HONORABLE LESLIE HATCH, JUDGE



 



 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Norman Cecil Donovan, an
inmate proceeding pro se, filed a
notice of appeal challenging the trial court’s December 3, 2009 order of
dismissal of his claims as frivolous, pursuant to chapter 14 of the Texas Civil
Practice and Remedies Code.  We dismiss.

On January 13, 2010, Donovan filed a
document with this Court entitled “Plaintiff’s Appellant Deprivation of Due
Process Laws Day in Court on Discriminatory Laws,” in which Donovan made no
citations to the record and cited no legal authority.  Because of the document’s numerous
deficiencies, it was not construed by this Court to be Donovan’s appellate
brief.  As such, by letter dated May 13,
2010, this Court notified Donovan that his appellate brief was past due and
directed him to file his brief on or before May 24, 2010.  On May 24, 2010, Donovan filed a duplicate of
the January 13, 2010 document.  Upon
realizing that Donovan intended this document to be his appellate brief, by
letter dated May 27, 2010, this Court notified Donovan that his brief was
deficient[1]
and directed him to correct the deficiencies and re-file his brief on or before
June 25, 2010.  When Donovan failed to
comply with the June 25 deadline, this Court notified Donovan of his failure
and informed him that his corrected brief must be filed by August 9, 2010, or
his appeal would be dismissed for want of prosecution.  See id. at
42.3(b).  Despite two notices and a reasonable
time in which to comply with this Court’s directive, Donovan has failed to file
a corrected brief or in any way respond.

 

Accordingly, we dismiss the appeal for want of prosecution
and for failure to comply with a deadline set by the Clerk of this Court.  See id. at
42.3(b)(c).

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice








 











[1] The Court’s May 27, 2010 letter identified the
deficiencies in Donovan’s brief as follows:

The brief is deficient in that it wholly fails to include the
following:

a.           
Identity of
parties and counsel;

b.           
Table of
contents;

c.           
Index of
authorities;

d.           
Statement of the case;

e.           
Issues presented;

f.            
Statement of
facts; and

g.           
Prayer.

See Tex. R. App. P. 38.1(a), (b), (c), (d), (f), (g), (j).  Further, the brief does not include any
references to the record nor does it include any citations to authority.  See id. at
38.1(d), (g), (i). 
Finally, the argument is indecipherable and appellant does not clearly
state the nature of the relief sought.  See
id. at 38.1(i), (j).